# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:21-cv-317-MR

| | |
|---|---|
| RICHARD LEE HEFNER, ) ) Petitioner, ) ) vs. ) ) STATE OF NORTH CAROLINA, ) NORTH CAROLINA DEPARTMENT ) OF PUBLIC SAFETY, ) ) Respondents. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of Petitioner Richard Lee Hefner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed on October 22, 2021. [Doc. 1]. Also before the Court is the Petitioner's Application to Proceed *in Forma Pauperis*, filed on November 4, 2021 [Doc. 3], Motion to Compel, filed on January 21, 2022 [Doc. 5], and Motion to be Relieved from Voided Judgment, filed on February 23, 2022 [Doc. 6].

## I. BACKGROUND

Richard Lee Hefner (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of larceny in the Jackson County Superior Court on May 28, 2021 and sentenced to a term of imprisonment of 120-156 months. [Doc. 1 at 1]. The Petitioner states that he appealed the

judgment of conviction but provides no information concerning the date or result of any appeal. [Doc. 1 at 1-2]. The Petitioner also states that he has previously filed motions relating to the judgment of conviction in federal or state court but provides no information concerning the details of any such proceedings. [Id.]. The Petitioner filed his § 2254 petition in this Court on October 22, 2021. [Doc. 1].

## II. DISCUSSION

### A. Application to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 3]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a § 2254 petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Doc. 3]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis* for the limited purpose of the Court's initial review of his § 2254 petition and related motions.

### B. Initial Review of § 2254 Petition

As grounds for § 2254 relief, the Petitioner attempts to raise constitutional violations based upon his discovery that certain administrative rules for the North Carolina Department of Public Safety ("NCDPS") governing the Division of Corrections (Title 14B, Chapter 12), have been expired since September 15, 2021. [Doc. 1 at 4]. The Petitioner claims the rules, which contain regulations for training and hiring procedures, are no longer enforceable against him and that incarceration by expired policies violates his due process and equal protection rights. [Id. at 4-5]. The Petitioner states that he is not challenging his conviction, but instead, is challenging "being held unauthorized." [Id. at 1]. He seeks an award of monetary damages, including punitive damages. [Id. at 7].

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254(a). Habeas relief may be granted if the State court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A habeas petitioner must state all the grounds for relief available to him and state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. The district court shall properly examine the petition and dismiss it when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

The Petitioner makes a sweeping claim that the administrative rules of the NCDPS are not enforceable against him. However, his allegations are vague, conclusory, and unsupported by sufficient facts to demonstrate he has suffered any constitutional violation. The Petitioner generally references Title 14B, Chapter 12 of the NCDPS administrative rules, which constitutes the entire chapter governing the Division of Corrections. The Petitioner mentions regulations for training and hiring procedures, but he does not specify any specific regulations with which he takes issue.

Prison regulations that are "primarily designed to guide correctional officials in the administration of a prison...are not designed to confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481-482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "[A] failure to adhere to administrative regulations does not equate to a constitutional violation." Hovater v. Robinson, 1 F.3d 1063,

4

1068, n. 4 (10th Cir. 1993)(citing Davis v. Scherer, 468 U.S. 1983, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)). The Petitioner fails to show how the alleged expiration of administrative policies has resulted in a deprivation of his constitutional rights and therefore fails to set forth a valid claim of habeas relief. The Petitioner also seeks monetary damages, to which he is not entitled under § 2254. See Crisp v. Weisner, 2007 WL 1100786, *1 (W.D.N.C. April 10, 2007)(noting that a petitioner may not seek monetary damages under § 2254). Because the petition does not set forth any cognizable claim for habeas relief under 28 U.S.C. § 2254, it shall be dismissed.

### C. Motion to be Relieved from Voided Judgment

The Petitioner files a "Motion to be Relieved from Voided Judgment by the Jackson County Superior Court" pursuant to Federal Rule of Civil Procedure 60(b). [Doc. 6]. The Petitioner claims that he was wrongfully detained and transported to Jackson County, North Carolina by the bail bondsman, was never properly rearrested after being released to his aunt's custody, and that the Jackson County Superior Court lacked jurisdiction to convict him. [Doc. 6 at 6-8].

Rule 60(b) permits a court to correct orders and provide relief from judgment under certain circumstances, including mistake, newly discovered

5

evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton v. Alton S.S. Co., 608 F. 2d 96, 102 (4th Cir.1979).

Despite labeling his motion under Fed. R. Civ. P. Rule 60(b), the Petitioner provides no sufficient grounds or extraordinary circumstances to support any Rule 60(b) claim. Rather, the Petitioner seeks to attack his underlying state conviction and sentence, which is in substance, an attempt at habeas review. Thus, in deference to the Petitioner's *pro se* status, it is more appropriate to construe the allegations as an attempt to amend or add additional claims to his § 2254 petition. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003)(explaining that it is "the longstanding practice of courts to classify *pro se* pleadings according to their contents without regard to their captions").

The Petitioner states that following his failure to appear in the trial court on March 11, 2020, a bond forfeiture notice was issued setting a final judgment date of August 20, 2020. [Doc. 6 at 4-6]. The Petitioner was still residing in South Carolina on August 20, 2020, and the State entered the final judgment and denied the bondsman's request to set aside the forfeiture.

6

Case 1:21-cv-00317-MR   Document 7   Filed 07/11/22   Page 6 of 11

[Id. at 5-6]. The Petitioner alleges that on September 11, 2020, he was wrongfully detained by the bondsman and transported from South Carolina to Jackson County, which he claims constituted an illegal arrest and prevented the trial court from obtaining jurisdiction over him. [Id. at 6-8]. The Petitioner was later released to the custody of his aunt, but then rearrested following a report that he had threatened her. [Id. at 7-8].

Under North Carolina law, a surety has the authority to arrest the defendant and surrender him to the county in which the defendant is bonded to appear. N.C.G.S. § 58-71-30; § 15A-540(b). "[T]he surety or a bondsman acting as his agent has the authority and the contractual right to break and enter the *principal's* residence and to use the force reasonably necessary to apprehend him." State v. Mathis, 349 N.C. 503, 515, 509 S.E.2d 155, 162 (1997)(emphasis original). As part of the contractual agreement, the defendant, as principal, voluntarily consents to be committed to the surety's custody and "implicitly agrees that the surety or the surety's agent may break and enter his home and use reasonable force in apprehending him." Id. at 510 (citing In re Von Der Ahe, 85 F. 959, 962 (C.C.W.D.Pa.1898)). The bondsman's right of recapture is "private in nature," "technically not an 'arrest,'" and "may be accomplished without process of law." Id. at 510.

7

"Absent the involvement of the State, the constitutional protections of due process are not implicated." Id. at 511.

When the Petitioner failed to appear in accordance with the terms of his bond, the bondsman exercised the right to enter his residence and use force necessary to detain him and return him to Jackson County. The Petitioner's argument that he was unlawfully arrested by the bondsman fails to support any claim of constitutional violation. See United States v. Kinney, 953 F.2d 863, 865 (4th Cir.1992)("[t]he Fourth Amendment is directed exclusively at state action..."). The Petitioner sets forth no viable § 2254 claims for habeas relief. As such, the Motion to be Relieved from Voided Judgment is denied.

### D. Motion to Compel

The Petitioner argues that staff at Maury Correctional Institution have denied his requests for copies of legal documents in violation of his First Amendment right to access the courts. [Doc. 5 at 1-2]. The Petitioner requests this Court order the Respondents to provide a copy of NCDPS policies and procedures, a copy of the legal mail log for November 9, 2021 (relating to an alleged legal mail violation), and to permit him to inspect video footage from November 9, 2021. [Id.].

Prisoners are guaranteed the right of meaningful access to the courts under the U.S. Constitution. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, to show a denial of access to the courts, a prisoner must show that he or she was actually injured by interference such that his efforts to pursue legal claims were hindered. Lewis v. Casey, 518 U.S. 343, 349-351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The Petitioner fails to demonstrate that he has been prevented by corrections officials from pursuing his legal claims so as to warrant any intervention by this Court and fails to demonstrate how his requests relate to any valid § 2254 claims. There is no automatic entitlement to discovery in a habeas proceeding and parties may engage in discovery only after obtaining leave of court for good cause shown. Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). As discussed above, the Petitioner's § 2254 petition is subject to dismissal. Therefore, the Petitioner can demonstrate no good cause to justify the relief sought in his motion. As such, the motion to compel is denied.

### III. CONCLUSION

For the reasons set forth above, the Petitioner's § 2254 petition is dismissed. The Court grants the Petitioner's *in forma pauperis* application for the limited purpose of this Court's initial review of the § 2254 petition. The Petitioner's Motion to Compel and Motion to be Relieved from Voided Judgment are without merit and denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Application to Proceed *in Forma Pauperis* [Doc. 3] is **GRANTED.**

3. The Motion to Compel [Doc. 5] is **DENIED**.

4. The Motion to be Relieved from Voided Judgment [Doc. 6] is **DENIED**.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge