UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-317-MR

| | |
|---|---|
| RICHARD LEE HEFNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Motion for Reconsideration [Doc. 11] filed by the Petitioner on July 20, 2022. Also before the Court is the Petitioner's Motion for Default Judgment [Doc. 10] filed on July 5, 2022.

**I.   BACKGROUND**

Richard Lee Hefner (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of larceny in the Jackson County Superior Court on May 28, 2021 and sentenced to a term of imprisonment of 120-156 months. [Doc. 1 at 1].

The Petitioner filed his § 2254 petition in this Court on October 22, 2021. [Doc. 1]. As grounds for relief, the Petitioner attempted to raise

constitutional violations based upon his discovery that certain administrative rules for the North Carolina Department of Public Safety governing the Division of Corrections were expired and unenforceable against him. [Doc. 1 at 4-5]. On July 11, 2022, the Court entered an Order dismissing the petition for failure to set forth any cognizable claim for habeas relief under 28 U.S.C. § 2254. [Doc. 7].

The Petitioner also filed a "Motion to be Relieved from Voided Judgment by the Jackson County Superior Court," which the Court construed as an attempt to add additional claims to his § 2254 petition. [Doc. 6]. The Petitioner alleged that he was wrongfully detained and transported to Jackson County by the bail bondsman, was never properly rearrested after being released to his aunt's custody, and that the Jackson County Superior Court lacked jurisdiction to convict him. [Doc. 6 at 6-8]. The Court denied the motion on grounds that the Petitioner failed to set forth viable claim for habeas relief. [Doc. 7]. The Petitioner now seeks reconsideration of the Court's order denying the motion. [Doc. 11].

## II. DISCUSSION

### A. Motion for Reconsideration

In his Motion to be Relieved from Voided Judgment, the Petitioner alleged that he was ordered to appear in the trial court on March 11, 2020

2

following his larceny indictment, and that after he failed to appear, a bond forfeiture notice was issued setting a final judgment date of August 20, 2020. [Doc. 6 at 4-6]. Final judgment was entered and the bondsman's request to set aside the forfeiture was denied. [Id. at 5-6]. The Petitioner alleged that he was wrongfully detained by the bondsman on September 11, 2020 and transported to Jackson County, which he claimed constituted an illegal arrest. [Id. at 6-8]. The Petitioner was then released to his aunt's custody but was later rearrested for violating the conditions of his bond. [Id. at 7-8].

The Court denied the Petitioner's motion because his argument failed to state any constitutional violation and set forth no viable claim of § 2254 habeas relief. [Doc. 7 at 5-8]. The Court explained that the bondsman exercised its right to detain the Petitioner and return him to Jackson County under N.C.G.S. § 58-71-30; § 15A-540(b). [Id.].

The Petitioner now moves for reconsideration under Fed. R. Civ. P. 60(b) and argues that the Court misconstrued his motion based upon the bail bondsman's right to arrest and surrender him. [Doc. 11 at 2]. The Petitioner states that the final judgment date on the bond forfeiture notice was August 20, 2020 and that the bondsman lost the right to surrender him after that date under N.C.G.S. § 15A-544.3(b)(9), making his arrest on September 11, 2020 a false arrest in violation of his due process rights. [Id. at 3-5].

3

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

The Petitioner fails to show any clear error of law that requires this Court's correction, nor does he show the presence of any limited circumstances that entitle him to relief under Rule 60(b). Following the September 11, 2020 detention by the bondsman, the Petitioner was released to his aunt's custody, then later arrested for violating the bond. [Doc. 6-1 at 8-10]. The Petitioner argued in his motion that the trial court "never properly rearrested me and lacked jurisdiction to convict me" but he offers no factual or legal basis to support this conclusory claim. [Doc. 6 at 8]. Even if the initial detention by the bondsman was somehow improper, the Petitioner fails to demonstrate how the trial court lacked jurisdiction over him or how it would entitle him to habeas relief from his May 28, 2021 judgment of conviction. The Petitioner can state no valid claim of habeas relief under 28 U.S.C. § 2254. As such, the motion for reconsideration is denied.

4

## B. Motion for Entry of Default

On July 5, 2022, prior to the Court's dismissal Order, the Petitioner filed a Motion for Default Judgment. [Doc. 10]. The Petitioner requests entry of a default judgment in his favor on grounds that the Respondent failed to respond to his Motion to be Relieved from Voided Judgment. [Id.].

The Respondent was never ordered by the Court to respond to the Motion to be Relieved from Voided Judgment and the Court entered an Order on July 11, 2022 denying the Petitioner's Motion on grounds that it was without merit. [Doc. 7]. As such, the Petitioner's Motion for Entry of Default is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion for Reconsideration [Doc. 11] is **DENIED**.
2. The Motion for Default Judgment [Doc. 10] is **DENIED** as moot.
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge